**BOYDEN GRAY PLLC**
801 17TH STREET, NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

March 26, 2024

Honorable Michael E. Gans
Clerk of the Court
U.S. Court of Appeals for the Eighth Circuit
111 South 10th St.
St. Louis, MO 63102

Re: Notice of Pending Emergency Motion for Administrative Stay and Stay Pending Judicial Review in *Liberty Energy v. SEC*, No. 24-60109 (5th Cir.), now *Liberty Energy v. SEC*, No. 24-1624 (8th Cir.)

Mr. Gans:

Petitioners Liberty Energy Incorporated and Nomad Proppant Services LLC (together, "Liberty Energy") filed their challenge to the SEC's new climate rule in the Fifth Circuit on March 6, 2024, and promptly sought a stay of the rule pending judicial review and also an administrative stay. That motion was fully briefed. *See* ECF Nos. 5, 42, 44 in 24-60109 (5th Cir.) (the briefing is attached to this notice).

On March 15, 2024, the Fifth Circuit unanimously granted Liberty Energy's request for an administrative stay of the rule. *See* Order, ECF No. 59-2 (5th Cir. Mar. 15, 2024) ("IT IS ORDERED that Petitioners Liberty Energy, Inc. and Nomad Proppant Services, L.L.C.'s motion for an administrative stay is GRANTED.").

On March 19, 2024, the SEC triggered the multi-circuit lottery under 28 U.S.C. § 2112, and on March 21, 2024, this Court was randomly chosen. On March 22, 2024, the Fifth Circuit ordered Liberty Energy's case transferred to this Court and dissolved the administrative stay. *See* Order, ECF No. 87-1 (5th Cir. Mar. 22, 2024) ("IT IS ORDERED that this petition is TRANSFERRED to the United States Court of Appeals for the Eighth Circuit and the administrative stay entered on March 15, 2024 is

DISSOLVED.").

Liberty Energy's emergency motion for an administrative stay and a stay pending judicial review remains pending and is now before this Court. Briefing is complete on that motion, and Liberty Energy respectfully contends that, given the time sensitivity (i.e., there is currently no stay in place) and efficiency benefits of relying on the existing briefing, this Court should grant Liberty Energy's pending motion and issue both an administrative stay and a stay pending judicial review.

The relevant case law is the same in both the Fifth and Eighth Circuits. Supreme Court precedent controls the analysis on most issues in this case, including the major-questions doctrine, the scope of the SEC's authority, the First Amendment, and the SEC's failure to acknowledge its change in position. *See* Ex. 1 at 7–28; Ex. 3 at 3–14. Both Circuits also recognize that "[t]he threat of unrecoverable economic loss [] does qualify as irreparable harm." *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 426 (8th Cir. 1996); *Rest. L. Ctr. v. DOL*, 66 F.4th 593, 597 (5th Cir. 2023) (cited in Fifth Circuit briefing). And both Circuits recognize that a proposed rule and the final version must be "alike in kind" so that commentators could "have reasonably anticipated the Final Rule." *Mock v. Garland*, 75 F.4th 563, 584 (5th Cir. 2023) (cited in Fifth Circuit briefing); *see Citizens Telecomm's Co. of Minnesota, LLC v. FCC*, 901 F.3d 991, 1005 n.11 (8th Cir. 2018) (applying this "fair notice inquiry").

/s/ R. Trent McCotter
*Counsel of Record for Petitioners Liberty Energy Inc. and Nomad Proppant Services*

Boyden Gray PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

cc: All Counsel